THOMAS J. CARR, Appellant, *v.* CITY OF NEW YORK, Respondent, Impleaded with Another.

Argued October 10, 1939; decided November 21, 1939.

*Cornelius Bregoff* and *Irving Ginsberg* for appellant. 

*William C. Chanler*, Corporation Counsel (*Stanley Buchsbaum* and *Paxton Blair* of counsel), for respondent. 

HUBBS, J. The plaintiff slipped and fell in the street on a pavement sixty feet from a street intersection and three or four feet from the curb at a point used as a terminal by a bus corporation. At the point in question buses stopped two or three times an hour for from five to eight minutes each time. The constant use of the area as a terminal resulted in an accumulation of oil and grease along the roadway varying up to one-half inch in thickness and covering a space two or three feet wide and about one hundred feet long. At the point where the plaintiff fell the oil was one-half inch deep. It was not fresh oil. The condition had existed for at least six months prior to the accident and there is evidence that the same condition had existed for several years. The defendant city had actual notice of a prior accident which occurred about three weeks before the one in question and which resulted from the same cause. A witness who was injured by a fall at the same place called up the Bureau of Highways and informed it of his injury and the condition existing.

Upon these facts the trial court submitted to the jury the question of the defendant city's negligence. The jury found for the plaintiff. The Appellate Division reversed on the law and dismissed the complaint, stating that the condition existing did not constitute actionable negligence on the part of the city.

The place where plaintiff was injured was on a paved city street which had been used with the acquiescence of the city for years as a bus terminal. The alleged negligent condition of the street was not slight and of a casual nature caused by automobiles passing. It was a continuing condition resulting from the unusual use made of the street as a bus terminal. The city had notice of the condition and that the condition had resulted in at least one other accident. In the peculiar circumstances of the case we believe that a question of fact existed for the determination of the jury and that it was error for the Appellate Division to reverse as a matter of law the judgment in favor of the plaintiff.

If the oil spot had been a casual spot made by a parked or moving vehicle a different situation would be presented. It may well be that an accident arising out of the ordinary use of a city street caused by oil thereon deposited by passing vehicles would not give rise to a cause of action against the city. This is not such a case. Here it was a continuing condition, created by a permitted use of one portion of the street for a purpose beyond ordinary use for passing and repassing, and of stopping for the purpose of receiving and discharging passengers or freight. Here a particular portion of the street was devoted to an unusual use akin to but in excess of the ordinary use to which a street is customarily put. (*People* v. *Cunningham*, 1 Den. 524.) It is because the city has acquiesced in or permitted that use and has failed to remedy a known dangerous condition resulting therefrom that a question of fact arises as to its liability for an accident growing out of that known condition.

This court early laid down the rule that a person desiring to cross a street, either in the night time or day time, is not confined to a crossing and has a right to assume that all parts of the street intended for travel are reasonably safe. (*Brusso* v. *City of Buffalo*, 90 N. Y. 679.) A city is not an insurer of the condition of its streets and should not be held liable for accidents resulting to pedestrians where it maintains them in a reasonably safe condition, such that it may not reasonably be anticipated that an accident will occur. Neither should it be absolved from liability when it fails so to maintain them. What constitutes a reasonably safe condition or reasonable care under a given state of facts is ordinarily a question of fact. (*Durr* v. *N. Y. C. & H. R. R. R. Co.*, 184 N. Y. 320.)

The case of *Karl* v. *State* (279 N. Y. 555) involves a situation quite comparable to that here involved. In that case it appeared that on the surface of a tarred road was a so-called " fat spot," a spot where there was an excessive amount of bituminous material which made the road slippery when wet. The State had notice of prior accidents and had failed to remedy that condition. The claimant's automobile

slipped on the " fat spot " when it was wet, and was damaged. He recovered a judgment against the State and his wife recovered for personal injuries. The judgments were reversed by the Appellate Division on the law. It did not, however, reverse the finding of negligence on the part of the State. Hence this court could only consider whether there was any evidence to sustain the finding of negligence. This court held that there was such evidence, reversed the judgments of the Appellate Division and affirmed those of the Court of Claims.

We believe that the condition existing in the circumstances of this case presented a question of fact for the consideration of the jury.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LOUGHRAN and RIPPEY, JJ., concur; LEHMAN and FINCH, JJ., dissent; O'BRIEN, J., taking no part.

Judgment accordingly.