JACOB CRONER, as Administrator, etc., of FANNIE CRONER, Deceased, Respondent, *v.* VILLAGE OF MONTICELLO, NEW YORK, Appellant.

JACOB CRONER, Respondent, *v.* VILLAGE OF MONTICELLO, NEW YORK, Appellant.

Third Department, March 5, 1941.

*Gerald W. O'Connor*, for the appellant.

*Benjamin M. Goldstein* [*Carl P. Goldstein* with him on the brief], for the respondent.

SCHENCK, J.   The question as to whether or not the curb which is alleged to have caused plaintiff's intestate to fall constituted a nuisance negligently maintained by the defendant village was solely a question of fact for the jury, and the court so charged. The village is not an insurer and is not called upon to maintain

streets in such perfect condition as to render an accident impossible, but is simply called upon to use reasonable care and prudence in detecting and remedying such defects as might be clearly anticipated would be dangerous and liable to cause an accident. The condition of the sidewalk as it existed at the time of the accident was not a nuisance as a matter of law. (*Butler* v. *Village of Oxford,* 186 N. Y. 444; *Bunce* v. *City of New York,* 254 App. Div. 702.) There was no evidence of any other accident having occurred at this point due to the condition of the curb, and plaintiff's intestate was familiar with the sidewalk and curbstone by reason of the fact that she played cards at the Halpern home almost every week. (*Stratton* v. *City of New York,* 190 N. Y. 294.)

It was also for the jury to determine as a fact whether or not plaintiff's intestate tripped over this protruding curb and whether or not that curb was the proximate cause of her fall and the resultant injuries. The evidence indicates that she lay on the sidewalk and that no part of her body was in the roadway. The jury might well have found that this curb had no connection with the accident, for according to the testimony of one witness who was there at the time, plaintiff's intestate was lying on the sidewalk with her head on the curb and her feet back toward the Halpern house, which she left a short time before.

My attention is called to *Egan* v. *City of Buffalo* (230 N. Y. 575; reported, 105 Misc. 506). In that case the defendant moved for a new trial after a verdict by a jury in favor of the plaintiff. SEARS, J., in denying the motion, said: " The city also contends that the condition in and of itself was not a dangerous one, and that the plaintiff was, herself, guilty of contributory negligence. Both of these questions are, in my opinion, questions of fact, and, although they are not free from doubt, I do not feel disposed to set aside the verdict as against the weight of evidence in these respects."

Furthermore, the question of plaintiff's intestate's contributory negligence was solely for the jury to determine. (*Mack* v. *Village of Pleasantville,* 246 App. Div. 762; *Bunce* v. *City of New York, supra; Egan* v. *City of Buffalo, supra; McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340.)

The court charged the jury that " the burden is upon the plaintiff to show that she was not guilty of any act or omission of act which constituted contributory negligence. If she didn't exercise the care she should have and you think that was negligence on her part, then she could not recover because contributory negligence would defeat her right of recovery."

The jury as the triers of the fact have rendered a verdict in favor of the defendant in this case, where only questions of fact exist. The findings on such questions were amply supported by the evidence and the trial justice in setting aside the verdict substituted his own conclusions in place of those reached by the jury. From a reading of all of the evidence, he was not justified in so doing. (*Dashnau* v. *City of Oswego*, 204 App. Div. 189; *Meyers* v. *Hines*, 199 id. 594.)

In the absence of evidence of manifest injustice, the judgment of the jury should control.

The order appealed from in each case should be reversed, and the verdict of the jury reinstated.

CRAPSER, BLISS and HEFFERNAN, JJ., concur; HILL, P. J., dissents in an opinion.

HILL, P. J. (dissenting). The village of Monticello appeals from an order setting aside the verdict of no cause of action. The administrator of Fannie Croner, deceased, was the plaintiff. She did not die as the result of the accident. On December 6, 1938, she and five other ladies, after spending a social evening at a residence, No. 23 Cottage street, started for home at about half an hour after midnight. They walked a few feet from the residence to the sidewalk and Mrs. Croner and her companion there turned left and westerly a very short distance, then started to cross Cottage street in a northerly direction, when her foot came in contact with a concrete curb, the top of which was six and a half inches above the level of the sidewalk. She was thrown violently, and was injured by striking the concrete surface of the curb, roadway and sidewalk.

Cottage street extends in an easterly and westerly direction. No. 23 is on the southerly side, on the block between Liberty street to the west and Landfield street to the east. The roadway is paved with concrete. On the southerly side there is a concrete curb, its top six inches above the adjacent roadway. The sidewalk from Liberty street to the premises designated No. 23 is on the same level as the top of the curb. Beginning at a point about nine feet westerly from the place where intestate fell, the sidewalk is on a grade six and a half inches below the top of the curb, and is separated from the road only by this curb obstruction about six inches wide. Apparently Mrs. Croner's companions passed into the roadway a short distance to the west from where she attempted to pass, and at a point where the sidewalk was flush with the top of the curb. The evidence does not disclose whether the sidewalk to the east of No. 23 was at a low level, or on a proper grade.

The jury would be justified in finding that this situation was dangerous to an unreasonable degree. (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Egan* v. *City of Buffalo*, 230 id. 575; reported 105 Misc. 506; *King* v. *Village of Fort Ann*, 180 N. Y. 496.) The village was required to keep this street in a reasonably safe condition for the passing of those who wished to cross it at any point, and plaintiff's intestate was not negligent as matter of law in seeking to cross at the point where she did.

The verdict was against the weight of evidence, and the order setting it aside should be affirmed.

Order appealed from in each case reversed and the verdict of the jury reinstated.