Michael Catalano, J.
This is a motion ‘ ‘ upon the pleadings herein ”, for an order striking out of the answer of defendant, City of Buffalo, paragraph numbered “ VI ”, and paragraphs numbered “ 2 ” and “ 3 ” of the demand for judgment, as “ unnecessary ”, “ improper ” and “ insufficient in law.”
The amended complaint sets forth three causes of actions: the first, against the defendant city, the second, against the defendant corporation, and the third, against the defendant, Giannina Gugino, the moving party. Each cause states sepa *635 rate and distinct allegations against each defendant individually; no joint liability is claimed. The first 13 allegations of the first cause are repeated in the other two; thereafter the similarity ceases.
The first cause alleges, in effect, that the plaintiff was owner and lessor of a building on Lower Terrace and Mechanic Street in the city of Buffalo, New York, exclusively occupied by defendant corporation, as tenant; the defendant Gugino owned a building on Mechanic Street across the street from plaintiff’s building ; the defendant city supplied water to these premises through its pipes beneath Mechanic Street during December, 1956, when water escaped from the Gugino service pipes, flooded plaintiff’s cellar, damaging premises, without plaintiff’s fault (here ends paragraph 13; the next nine paragraphs describe the city’s particular negligence, thusly): the defendant city had actual knowledge of such leakage before the damage occurred in ample time to repair same, but negligently failed to do so, and negligently represented to defendant corporation that such leakage ■would not continue and damage plaintiff’s premises, upon which defendant corporation relied, to plaintiff’s damage.
The third cause specifies the defendant Gugino’s negligence in violating city ordinances, allowing her service pipes to fall into disrepair whereby water leaked into and damaged plaintiff’s property as stated.
The defendant city’s answer is, in effect, a general denial, adding, in part, a third defense “ by way of a cross-action over against the co-defendants ’ ’ a paragraph numbered ‘ ‘ VI ’ ’, to wit: ‘ ‘ That if the plaintiff was damaged at the time and in the manner described in the complaint without contributory negligence on its part, and if the conditions that caused the damage were due to the actionable negligence or fault of the co-defendants * * * or any of them, then and in that event, the co-defendants * * * or any of them, are liable over to the defendant, The City of Buffalo, for whatever damages it may suffer herein, together with the reasonable expense of defending this action.”
Paragraphs numbered “ 2 ” and “3” in the demand for judgment seek relief based on paragraph “ VI ” above stated.
Section 264 of the Civil Practice Act, entitled “ Controversy between parties ”, provides, in part: “ Where the judgment may determine the ultimate rights of the parties on the same' side, as between themselves, or of a party who claims that any other party to the action is or may be liable to him for all or part of a claim asserted against him in the action, the party who *636 requires such a determination must demand it in his pleading, and at least twenty days before the trial must serve a copy of his pleading upon the attorney for each of the parties to be affected by the determination ”.
In the case of Edwards & Sony City of Buffalo (264 App. Div. 984 [4th Dept.]) the appellate court reversed an order granting a motion by the defendant Telegraph Company to strike ont parts of the answer of the defendant city which alleged a cross claim against the Telegraph Company based upon a bond filed by it, in an action to recover damages resulting by reason of the breaking of a water main. In the Edwards case, the complaint alleged in paragraphs 8 and 15 that the defendant, City of Buffalo, negligently failed to inspect, discover or remedy the breaking of a certain water main in one of its streets.
In the case at bar, the movant asserts that the defendant city failed to allege sufficient facts whereas in the Edwards case (supra) the movant sought to strike out sufficient facts in the cross claim; also, here, the complaint alleges that the defendant city had actual knowledge of the leakage of water pipes in ample time to repair and failed to do so, and represented that such leakage would not damage the plaintiff’s premises; not so, in the Edwards case; thus, it does not apply.
Where a city fails to remedy a known dangerous condition involving its streets, a question of fact arises as to its liability for an accident growing out of that known condition. (Carr v. City of New York, 281 N. Y. 469, 472.)
Here, it would appear that the City of Buffalo could be found liable without such a finding against the moving party. Also, all defendants are alleged to be tort-feasors in pari delicto, without any claim that any defendant was only passively negligent, as contrasted with another charged with active negligence. Neither the complaint nor the statement of the cross claim pleads any facts from which the basis of the claim for indemnity may be found or be fairly inferable. (See Shass v. Abgold Realty Corp., 277 App. Div. 346, 348; Carr v. City of New York, 252 App. Div. 880, same case 281 N. Y. 469; Mahar v. City of Albany, 198 Misc. 904, 907, affd. 278 App. Div. 1003, affd. 303 N. Y. 825.)
Motion granted, without costs, with leave to the defendant, City of Buffalo, if so advised, to serve an amended answer within 10 days after service of the order to be entered hereon. Prepare and submit order accordingly.