■ HELEN L. OWEN, as Administratrix of the Estate of RICHARD L. OWEN, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 34521.) — Appeal from a judgment of the Court of Claims dismissing the claim of the claimant. Claimant's intestate died as the result of injuries received when his car crossed an intersection of two highways, Routes 46 and 316, near Oneida, New York, and plunged into an area of excavation or a creek bed. Appellant refers to the intersection as a T-intersection, and this appears to be a fair characterization. A bridge had been built over the New York State Thruway about 1,737.6 feet from the intersection, and from the northerly end of the bridge Route 46 ran to the intersection where it met Route 316. Route 46 ran in a northerly and southerly direction, and Route 316 to the east and west. For a distance of 500 feet south of the intersection Route 46 had a blacktop or macadam surface, and between the point where southerly end of the blacktop began and the north end of the bridge this highway was surfaced with concrete. Prior to July, 1956, the State had let a contract for construction extending Route 46 past the intersection and north across a new bridge over Oneida Creek. Before construction work at the intersection began there were trees and brush, forming a natural barrier, on the north side of the intersection, and such trees and brush were removed prior to the accident which occurred on September 6, 1956. Aside from this however there was no construction work in progress on the new extension within 50 feet of the intersection at the time the accident happened. Beyond the intersection there was an 8-foot shoulder sloping off about an inch per foot, and beyond that another area of 50 feet at the end of which there was a sharp drop into the creek area where the bridge was to be built. Apparently the accident occurred shortly after 2 o'clock in the morning. It is undisputed that the surface of Route 46 was dry, but the testimony is conflicting as to whether there was mud, gravel and stones in the intersection itself. Decedent was alone at the time and presumably driving his car in a northerly direction from the bridge over the Thruway along Route 46 towards the intersection. Since the accident was unwitnessed no one knows precisely what happened but there is testimony that skid marks, presumably from the wheels of intestate's car, were visible on the surface of Route 46 for a distance of about 72 feet to the intersection, and tire marks beyond the intersection. Appellant predicates negligence on the part of the State in failing to adequately warn travellers proceeding north on Route 46 of a dangerous condition at the intersection, but the proof does not support this contention. Between the north end of the bridge over the Thruway and the intersection there were several reflectorized signs, at least eight, warning of construction ahead, the existence of the intersection and directional arrows in connection therewith; and 402 feet from the intersection a sign with the inscription " Stop Ahead"; and at 54 feet from the intersection a standard circular sign bearing the word " Stop ". The State was not an insurer of course of any traveller's safety,

and its only duty was to adequately warn of a situation that might be potentially dangerous. If the lights on intestate's car were working properly the signs mentioned must have been visible to him for they were of the reflector type. Under the circumstances the finding of the trial court that the State was not negligent seems amply justified. In view of this it is unnecessary to discuss the issue of contributory negligence. Judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.