■ WENDY L. GAINES et al., Respondents, v LONG ISLAND STATE PARK COMMISSION OF THE STATE OF NEW YORK et al., Appellants. (Claim No. 58536.)—Appeal from a judgment, entered October 26, 1976, upon a decision of the Court of Claims. This claim arises out of injuries sustained by the female claimant when she lost control of the car she was driving after

hitting a large pothole on Southern State Parkway. The issue of damages was tried separately and is not challenged here. The State, although not substantially disagreeing with the relevant facts, claims there is no theory upon which it can be held liable. The Court of Claims rejected the theory that the police officer on duty, Officer Smith, negligently failed to divert traffic upon first sighting the pothole at 4:00 P.M. on March 11, 1973, some 40 minutes before the accident. We must agree. The officer testified that he had observed several cars pass through the pothole without incident and further believed that diversion of traffic would present as dangerous a situation as allowing the cars to continue using that lane of traffic until work crews arrived. Given the circumstances of this case, we cannot say that the officer acted unreasonably in reaching his decision. The Court of Claims predicated liability on a theory of constructive notice. The pothole was sighted by a passing motorist 34 hours before the police officer noticed it; the State had a duty to make reasonable inspections of the roadway; the State failed in its duty, thus failing to discover the pothole. This was the proximate cause of the accident. The State is not an insurer of the safety of travelers using the highway *(Carr v City of New York,* 281 NY 469; *Owen v State of New York,* 9 AD2d 976). It need not exercise that degree of care as will prevent all accidents *(Croner v Village of Monticello,* 261 App Div 360). It need only maintain its highways in a reasonably safe condition *(Boyce Motor Lines v State of New York,* 280 App Div 693, 696, affd 306 NY 801). Liability will attach when the State has had actual or constructive notice of the dangerous or potentially dangerous condition *(Harris v Village of East Hills,* 41 NY2d 446, 450; *Berkshire Mut. Fire Ins. Co. v State of New York,* 9 AD2d 555) and then fails to take reasonable measures to correct the condition *(Rinaldi v State of New York,* 49 AD2d 361, 363). The court asks whether the State has exercised reasonable diligence to cure the situation *(Tromblee v State of New York,* 52 AD2d 666, 667). Notice of a defect in a public way will be implied when the defect has existed for so long a period that it should have been observed. On this record, the trial court could have found constructive notice of the defect. The court relied on the testimony of a disinterested witness who claimed he had seen the pothole 34 hours before the accident. The State launches a two-pronged attack, one against the witness and the other against the theory that 34 hours is an unreasonable period to allow a defect to remain. As for the witness, the State labels his testimony "improbable", particularly in light of contrary testimony that various police officers and maintenance crews inspect the highway regularly and would have discovered such a defect if it had really existed. We cannot credit this attack. The issue is one of credibility. In the absence of any showing that the trier improperly assessed credibility, we are reluctant to alter his findings *(Bielawski v Bazar,* 47 AD2d 435; *People v Garafolo,* 44 AD2d 86). A reading of the cross-examination in this instance reveals nothing to shake the witness' testimony or his veracity. The witness even explained how he knew the location of the offending pothole, yet the State argues here that he could have seen another pothole. The State misreads the record. Nor do we believe that the Court of Claims erred in finding constructive notice when the defect existed for at least 34 hours. A 34-hour delay in detecting a large pothole on a major highway is unwarranted. The State admits that it patrols the highway to prevent such occurrences. In this case it failed in its duty, and must be held liable. Judgment affirmed, with costs. Koreman, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.