GWENDOLYN HAMMOND, as Administratrix of the Estate of WINNESTER DAVIS, Deceased, Appellant, v STATE OF NEW YORK, Respondent.

First Department, June 7, 1990

## APPEARANCES OF COUNSEL

*Lamont R. Bailey* of counsel *(Bailey & Bailey,* attorneys), for appellant.

*Dennis Hurley* of counsel *(Peter J. Dooley* with him on the brief; *Robert Abrams, Attorney-General,* attorney), for respondent.

## OPINION OF THE COURT

KASSAL, J.

■ Claimant's decedent, Winnester Davis, was shot to death on April 10, 1986 by her husband, Samuel Davis, in the presence of their infant son. At issue on appeal is whether the trial court properly granted respondent, the State of New York, prediscovery summary judgment dismissing the claim filed by Mrs. Davis' estate. In light of the factual controversy surrounding the dispositive issue of whether a special relationship between the deceased and defendant's agents had been formed, as well as the fact that material information in this regard is within the exclusive knowledge of defendant, it was error for the court to have granted this relief.

The notice of claim, filed by Gwendolyn Hammond, adminis-

tratrix of Mrs. Davis' estate and guardian ad litem of the infant, alleges that two New York State agencies, the Department of Correctional Services and the State Division of Parole, owed a special duty of care to Mrs. Davis. It is contended that this special relationship was created through certain communications between the decedent and defendant's agents, which took place prior to Samuel Davis' release on parole from prison, where he was serving a sentence for attempted murder.

Specifically, claimant asserts that Mrs. Davis' views were sought prior to her husband's release, and that she advised against his parole because he had continually threatened her life. The decedent had kept defendant's agents apprised of these threats throughout Davis' incarceration, including those she received in October 1983, November 1983, October 1985 (during Davis' parole hearing), and January 1985. In addition, the decedent had obtained a court order of protection against Davis, of which defendant's agents were aware. The notice of claim further states that the decedent's communications with agents of defendant were such that she was led "to rely upon [them] for protection" from Davis, and that, because of these agents' negligent and improper actions, which "betray[ed] her confidence", Davis was ultimately able to carry out his threats.

In granting defendant's motion for summary judgment, the court relied upon the companion cases of *Tarter v State of New York* and *Tyner v State of New York* (68 NY2d 511, 519) wherein the Court of Appeals held that, absent a "special duty to protect the claimants as identified individuals and the reliance on the part of the claimants on specific assurances of protection" a claim of negligent supervision on the part of the Board of Parole must fail.

The rule is well established that the " 'drastic remedy' " of summary judgment does not lie where there is any doubt as to the existence of triable issues of fact. *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231.) In deciding such a motion, the court may not determine credibility or otherwise resolve factual issues *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341) for its sole function is one of issue-finding, not issue-determination. *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404.)

In the case at bar, claimant has asserted that, as a result of their communications, a special relationship was created be-

tween defendant's agents and the decedent. *(See, De Long v County of Erie,* 60 NY2d 296.) In support of its motion for summary judgment, defendant submitted solely the affirmation of an Assistant Attorney-General who had no personal knowledge of the facts. This affirmation, which was conclusory and unsupported by documentary evidence, was insufficient to demonstrate that the claim must be defeated as a matter of law. *(See, Harris v City of New York,* 147 AD2d 186, 189.) Indeed, the affirmation did not deny the existence of a special duty or otherwise address the specific circumstances of this case, but simply relied upon *Tarter* and *Tyner (supra)* as "indistinguishable". We disagree that those rulings are controlling here.

The *Tarter* and *Tyner* cases *(supra)* involved general members of the public who had been assaulted by paroled felons, and who largely based their claims on the Parole Board's alleged failure to comply with its own guidelines and procedures in releasing their assailants. The claimants there had not had any prior association with the parolees or the cases in which they had previously been incarcerated, and could not, therefore, have obtained the defendant's reassurances of safety or protection. Such claimants would, by definition, lack a special relationship with the Parole Board. In contrast, the claim before us is raised in the context of uncontested continued contact, over a period of years, between the decedent and the agencies in question.

We further note that particular restraint should be exercised in granting summary judgment where the principal witness is dead and therefore cannot testify with respect to critical issues. *(See, Phillips v Kantor & Co.,* 31 NY2d 307; *Zibbon v Town of Cheektowaga,* 51 AD2d 448, 450, *appeal dismissed* 39 NY2d 1056.) This is especially appropriate when discovery has not yet been obtained *(see,* CPLR 3212 [f]) and where, as claimant's discovery motion urges, material information is within the exclusive knowledge of the defendant. *(Simpson v Term Indus.,* 126 AD2d 484, 486.)

Accordingly, the order, Court of Claims (Adolph Orlando, J.), entered on or about January 26, 1989, which denied claimant's motion for discovery and granted defendant's cross motion for summary judgment dismissing the claim, should be reversed, on the law, the claim reinstated, and the matter remanded for further proceedings, without costs.

Ross, J. P., Carro, Ellerin and Rubin, JJ., concur.

Order, Court of Claims of the State of New York, New York County, entered on January 26, 1989, unanimously reversed, on the law, the claim reinstated, and the matter remanded for further proceedings, without costs and without disbursements.