■ BEN HELLER, Appellant-Respondent, v TRUSTEES OF THE TOWN OF EAST HAMPTON et al., Respondents-Appellants, and NORTHWEST ALLIANCE, INC., Intervenor.—In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from so much of an order of the Supreme

Court, Suffolk County (Cannavo, J.), dated August 16, 1988, as denied his cross motion for summary judgment, and the defendants Trustees of the Town of East Hampton and Trustees of the Freeholders and Commonalty of the Town of East Hampton cross-appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as it is against them.

Ordered that the order is affirmed, without costs or disbursements.

Although we agree with the Supreme Court that the defendant Trustees and the plaintiff were not entitled to summary judgment on their respective motion and cross motion, we differ with respect to the reasons therefor.

It is axiomatic that summary judgment requires issue-finding rather than issue-determination and that resolution of issues of credibility is not appropriate (see, Rotuba Extruders v Ceppos, 46 NY2d 223, 231; Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338, 341; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404; Hammond v State of New York, 157 AD2d 391; Conde v Eric Serv. Corp., 158 AD2d 651; Schwartz v Epstein, 155 AD2d 524). In light of these principles, the court improperly attempted to partially resolve the issue of whether or not the defendant Trustees have a valid claim to roadways on the subject property, while postponing determination of the actual location of these roads. The record is replete with factual disputes, which go to the crux of the issues which are before the court, including the existence and location of the so-called "passing roads", whether the land in the area of Barcelona Neck in East Hampton, Long Island, which the defendant Trustees claim to have an interest has always been held for public use, and whether or not the public use was ever restricted by previous owners. Further, the plethora of affidavits submitted in support of the parties' claims challenged credibility and attacked the quality of the evidence presented. Indeed, an attorney for the defendant Trustees, in a surreply affidavit submitted in further support of their motion for summary judgment and in opposition to the plaintiff's cross motion, challenged the credibility of several of the plaintiff's affiants and stated: "We will demonstrate this on a point-by-point basis upon oral examination". Therefore, in view of the absence of admissions and uncontroverted facts, this case is not susceptible to summary judgment treatment (cf., Kuehne & Nagel v Baiden, 36 NY2d 539, 544).

The defendant Trustees' contention that the plaintiff's ap-

peal is moot is based on evidence dehors the record and therefore is not considered.

We need not consider the parties' remaining contentions in light of our determination. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.