■ MARY AMMAR et al., Respondents, v E. I. DU PONT DE NEMOURS Co., INC., et al., Appellants, et al., Defendants.— In a medical malpractice action to recover damages for personal injuries, etc., the defendants E. I. du Pont de Nemours Co., Inc., and du Pont Pharmaceuticals, Inc., appeal from so much of an order of the Supreme Court, Queens County (Katz, J.), entered January 11, 1990, as denied their motion for summary judgment, and the defendants Saquib S. Chaudhry

and Ahamed S. Moideen separately appeal from so much of the same order as denied their motion for summary judgment.

Ordered that the appeals of the defendants E. I. du Pont de Nemours Co., Inc., and du Pont Pharmaceuticals, Inc., are dismissed as abandoned, as the plaintiffs have settled with those defendants; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants Chaudhry and Moideen; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by the defendants Chaudhry and Moideen.

The plaintiff Mary Ammar, who was suffering from iliofemoral thrombosis, contracted skin necrosis allegedly as a result of taking Coumadin, an anticoagulent prescribed by the defendant doctors. The plaintiffs allege that the doctors were negligent, *inter alia,* in prescribing and administering the drug. The defendant physicians contend that the affidavit of their expert convincingly demonstrated that no genuine issues of fact remain to be decided at trial and that they are thus entitled to judgment as a matter of law.

Bearing in mind that upon an appeal from an order denying a motion for summary judgment, issue finding rather than issue determination is the court's primary function *(Pizzi v Bradlee's Div.,* 172 AD2d 504; *Heller v Trustees of Town of E. Hampton,* 166 AD2d 554; *Hantz v Fishman,* 155 AD2d 415), we find, contrary to the doctors' contentions, that the record and the affidavit of the plaintiffs' expert raise material issues regarding the adequacy of the doctors' care and supervision of the plaintiff which cannot presently be resolved as a matter of law *(see, Jankowski v Sherman,* 137 AD2d 492). The denial of the motion for summary judgment made by the defendant doctors was therefore appropriate *(see, Zuckerman v City of New York,* 49 NY2d 557). Bracken, J. P., Eiber, Miller and Ritter, JJ., concur.