Model v State of New York (2024 NY Slip Op 50461(U))

[*1]

Model v State of New York

2024 NY Slip Op 50461(U)

Decided on March 14, 2024

Court Of Claims

Vargas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 14, 2024
Court of Claims

Barry Model, Claimant,

against
The State of New York, Defendant.

Claim No. 138437

For Claimant:
Sandra L. Bonder, Esq.
For Defendant:
Hon. Letitia A. James, Attorney General
of the State of New York
By: Shawn M. Cestaro, Esq., Assistant Attorney General

Javier E. Vargas, J.

Papers Considered:
Notice of Motion, Affirmation & Exhibits Annexed 1-7
Affirmation in Opposition & Exhibits Annexed 8-15
Reply Affirmation 16
Upon the foregoing papers and for the following reasons, the Motion by Defendant State of New York (hereinafter "State"), for summary judgment dismissing the Claim, is denied in accordance with the following decision.
By Claim filed on November 18, 2022, Claimant Barry Model (hereinafter "claimant") commenced the instant action to recover damages against the State, alleging that, on July 19, 2022, at approximately 6:00 p.m., while he was driving southbound on the Clearview Expressway, Interstate 295, he pulled over onto the shoulder to answer his cellular phone, when his car sank into a "pothole that was covered and camouflaged by deep water," and struck a protruding manhole (Claim, at 1-2, ¶ 3). Claimant further alleged that the impact jolted him forward and caused him to violently strike his chest on the steering wheel, and jolted him backward, causing him to strike his back and neck on the seat (id. at 2). Per claimant, the occurrence was caused by "the negligence, carelessness and recklessness of the State" and its agencies "in the ownership, operation, management, control, maintenance, design, inspection and repair of the aforesaid shoulder area" (id.). As a result of the State's negligence, the claimant alleges that he "sustained multiple and traumatic injuries including, but not limited to, a fracture of the sternum and injuries to the back and neck, mental anguish, anxiety, depression, and post-traumatic stress as well as property damage to his 2004 Honda Civic motor vehicle," seeking total damages in the amount of $1,000,000 (Claim, at 2, ¶¶ 4, 6).
The State filed its Verified Answer on November 22, 2022, denying all of the allegations and raising sixteen affirmative defenses, including that the State did not own the subject location of the accident, that claimant assumed the risks and was the proximate or contributory cause of the incident, and that he did not sustain a serious injury as defined and cannot recover under Insurance Law § 5102.
By Notice of Motion for Summary Judgment filed October 5, 2023, the State moves for the dismissal of the Claim, pursuant to CPLR 3212, arguing that the State is entitled to summary judgment as a matter of law because the shoulder of the subject roadway is exclusively maintained by the City of New York's Department of Transportation. The State refers to the deposition testimony of Mr. Juan Viera, a "Queens Resident Engineer" employed by the New York State Department of Transportation, who testified that he is responsible for field road inspections in Queens County, including the entire Clearview Expressway, at least once per week on the roadway from beginning to end (see Motion, Exh. E, at 10-13). He testified that he performed a search two years prior to July 19, 2022, regarding the shoulder of the roadway at the subject location and did not find any records, photographs or work orders (see id. at 15). Mr. Viera testified that he performs the inspections by driving down the middle lane on the road at 50 miles per hour, but does not drive on the shoulder of the Clearview Expressway (see id. at 16-19). According to Mr. Viera, it is the City Department of Transportation that is responsible for maintaining the manhole covers. Based on Mr. Viera's admissible testimony, the State contends that it is entitled to summary judgment because the City, not the State, bears responsibility. 
Additionally, the State argues that it is entitled to summary dismissal because it did not cause, create or have prior actual or constructive notice of any defective conditions related to the roadway at the subject location, citing Gordon v American Museum of Natural History. (67 NY2d 836, 837 [1986]). The State also argues that while the State has a nondelegable duty to maintain its roads and highways in a reasonably safe condition, it is not an insurer of the safety of [*2]its roadways and the mere happening of an accident does not render the State liable. The State refers to claimant's deposition testimony where he testified that he could not see the roadway condition out of his front window as the area appeared flat and a normal side of the road and he only became aware of the condition after he hit the steering wheel (see Motion, exh. D, at 19, lines 8-24). Furthermore, the claimant and Mr. Viera both testified that they had no prior knowledge or recollection of seeing the subject pothole on the shoulder of the Clearview. The State concludes by arguing that the record lacks any evidence that the State maintained the subject location or that it caused or created the condition, and/or had any prior notice of any problem, condition or defect there.
By Affirmation in Opposition filed December 4, 2023, claimant argues that the State failed to establish entitlement to summary judgment as the defective condition clearly existed and was visible and apparent for a sufficient length of time to charge the State with constructive notice and a duty to correct. Per claimant, the State fails to demonstrate lack of constructive notice by offering only general inspection practices without any specific schedule for the Queens roadway inspections or any actual records of those inspections. In opposition, claimant provides evidence that the State had constructive notice of the hazardous condition since at least August 2018, as a 2018 Google photograph unarguably depicts the hazardous pothole four years prior to claimant's accident (see Affirmation, Exh. 5). Claimant cites several cases where courts charged the State or City with constructive notice based on photographic or eye witness evidence, demonstrating deterioration of the defective condition prior to the accident (see Blake v City of Albany, 48 NY2d 875, 878 [1979]; Vargas v Con Edison Co. of NY, 224 AD3d 581 [1st Dept 2024]; Gaines v Long Is. State Park Commn. of State of NY, 60 AD2d 724, 725 [3d Dept 1977]; Shafer v State of New York. 256 AD 1053 [4th Dept 1939]).
Moreover, the claimant argues that there are questions of fact as to the sufficiency of the State's inspections of the accident area in that Mr. Viera admitted that it was difficult to see the shoulder, the depth of a pothole or necessity to repairs while driving at a high rate of speed on the center lane. Per claimant, since the State undertook to perform inspections, there is a question of fact as to whether the drive-by inspections were in fact reasonable and effective in discovering hazardous conditions. Claimant contends that the City's alleged responsibility for the maintenance of the manhole covers is irrelevant as he is not contending that the manhole cover was defective, but rather that the massive pothole in front of the manhole cover on the shoulder was defective. According to him, the obligation to properly inspect the roadways and adjacent shoulders rests with the State, and it negligently failed to discover the pothole. Furthermore, the City would only be aware of the pothole upon notification by the State. 
Thereafter, the State filed a Reply Affirmation on December 18, 2023, reiterating its arguments for entitlement to summary judgment in that the shoulder of the subject roadway is exclusively maintained by the City's Department of Transportation; the State did not cause or create or have prior notice of the condition of the shoulder of the roadway; and the State submitted admissible evidence regarding periodic and systematic inspections.
Upon reading the papers herein, this Court disagrees with the State.
It is well settled that the State "owes the public a nondelegable duty to maintain its roadways in a reasonably safe condition" for motorists and must guard against contemplated foreseeable risks (Schleede v State of New York, 170 AD3d 1400, 1401 [3d Dept 2019]; see [*3]Klepanchuk v Department of Trans., 189 AD3d 2102, 2103 [4th Dept 2020]). "Where [the State] has actual or constructive notice of a hazardous condition and fails to take reasonable measures to remedy the danger," it may be liable for any resulting injuries (Rockenstire v State of New York, 135 AD3d 1131, 1132 [3d Dept 2016]; see Rubio v State of New York, 168 AD3d 892, 893 [2d Dept 2019]). "Notice of a defect in a public way will be implied when the defect has existed for so long a period that it should have been observed" (Gaines v Long Is. State Park Commn., 60 AD2d at 725; see Blake v City of Albany, 48 NY2d at 878). Narrowly tailored to these proceedings, to prove constructive notice of a pothole, a claimant should demonstrate that the pothole was visible and apparent and existed for a sufficient length of time prior to the accident to permit the State's employees, upon reasonable inspection, to discover and remedy it (see id.; Feeney v State of New York, 222 AD3d 1235 [3d Dept 2023]; Schleede v State of New York, 170 AD3d at 1401).
Applying these principles to the matter at bar, the State has not shown the absence of triable issues of fact entitling it to summary judgment dismissal of the Claim (see CPLR 3212; Peterson v State of New York, 130 AD2d 813, 814 [3d Dept 1987]). The record reflects that the claimant was allegedly injured when his vehicle suddenly fell into a pothole and came into contact with a protruding manhole on the shoulder of the Clearview Expressway (see Motion, Exh. D, at 14-20). Claimant testified that prior to the accident he did not see the pothole, had no knowledge of it ever being there, and did not notify anyone that there was an issue or roadway defect (see id. at 47-51). Similarly, the State's witness Viera testified that he has no records, never saw the pothole or any hazardous condition on the subject area of roadway, even though he is the one responsible for conducting weekly field inspections of the entire roadway (see Motion, Exh. E, at 10, 13, 15, 16, 19). If he were to see anything in need of repair, he would have taken a picture and generated a work order for the City, which according to Mr. Viera, is responsible for conducting repairs and maintaining everything (see id. at 13, 14, 41). In conducting his inspections, Mr. Viera would sometimes find damage to fences, guardrails and curbs, as well as potholes, sunken catch basins and missing manhole covers (see id. at 23).
During the deposition, Mr. Viera was queried and shown photographs taken in 2022 (see id. at 24), as well as a series of Google photos from 2018 and 2020, depicting that portion of the Clearview where the accident occurred, years before the accident (see id. at 35, 37). Judging from his responses, it is clear that Mr. Viera acknowledged that he saw the pothole depicted in the pictures; however, he was unwilling to testify as to its size (see id. at 25, 26). Whilst it is apparent from Mr. Viera's testimony that the City is responsible for making repairs, it is equally apparent that the State bears the responsibility of reasonably inspecting the roadway, taking pictures and generating work orders so that the City can make the repairs. 
With this record, it becomes clear that there are triable issues of fact outstanding as to whether the pothole was visible and apparent, whether the condition existed for a sufficient length of time, and whether the State was negligent in failing to generate the work order or respond with appropriate maintenance or repairs to prevent injury (see Blake v City of Albany, 48 NY2d at 878; Feeney v State of New York, 222 AD3d at 1236). Most importantly, whether the State caused the claimant's accident by inappropriately inspecting the roadway, is another question of fact for the trier to sufficiently preclude the "drastic remedy of summary judgment" (Hammond v State of New York, 157 AD2d 391, 393 [1st Dept 1990]; see Vargas v Con Edison, [*4]224 AD3d at 582).
Based on the foregoing, it is ORDERED that the State's Motion for summary judgment dismissal (Motion No. M-100007) is denied. The parties shall appear at the previously scheduled conference using video conference technology on April 9, 2024 at 12:00 p.m.
New York, NY
March 14, 2024
HON. JAVIER E. VARGAS
Judge of the Court of Claims