■ BERKSHIRE MUTUAL FIRE INSURANCE COMPANY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33476.) DANIEL W. BRONSON, an Infant, by HARRY M. BRONSON, His Guardian ad Litem, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33477.) HARRY M. BRONSON, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33478.) — Appeal by the appellants from judgments of the Court of Claims dismissing the claims. On August 5, 1955, Harry M. Bronson was the owner of an automobile and the claimant Berkshire Mutual Fire Insurance Company was subrogated to his rights as the result of payments under a comprehensive liability policy. Daniel Walter Bronson, the son of Harry, was riding as a passenger at the time of the accident. While claimants were proceeding along Route 56 in a southerly direction and in the vicinity of Hannawa Falls, a limb fell from a tree on the westerly side of the highway landing on the automobile and causing the personal injuries and property damage for which recoveries are sought herein. There is no charge of contributory negligence as to any of the claimants. The trial court found that there was no evidence that the State had actual or constructive notice of the condition of the limb prior to its fall. There was testimony that at the time of the accident it was raining and windy. Witnesses produced by the claimant, including a tree expert, testified that an observation of the tree would not indicate

that it was in a dangerous condition. Another witness testified that he was greatly surprised that the limb blew off because from the ground it appeared to be sound; that he had parked his car in the vicinity of the tree and the limb on many occasions. From this testimony and from a reading of the record in its entirety, we conclude that there was no evidence of actual or constructive notice but to the contrary that there was evidence — leaves on the tree and limb — that it was a live tree. The record shows that prior to the accident "pruners" had examined the tree on behalf of the State but they were not produced and did not testify at the time of the trial. The facts and circumstances here are clearly distinguishable from a recent decision of this court (*Edgett* v. *State of New York,* 7 A D 2d 570). Judgment unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.