■ DANIEL H. IVANCIC, Appellant-Respondent, v MARY OLMSTEAD, Respondent-Appellant.—Main, J. P. Cross appeals from an order of the Supreme Court at Trial Term (Walsh, Jr., J.), entered April 24, 1984 in Montgomery County, which set aside a verdict in favor of plaintiff and granted a new trial.

On September 26, 1980, plaintiff was working on his truck in the driveway of his parents' home located on Prospect Street in the Village of Fultonville, Montgomery County. The property adjoining on the west has been owned by defendant since 1970 and is her home. At about noontime, while a heavy windstorm was in progress, a limb from a maple tree located on defendant's property fell and struck plaintiff, causing him to sustain severe personal injuries. As a result, plaintiff commenced this action against defendant seeking damages for those injuries. After a jury trial, the jury rendered a verdict in favor of plaintiff in the sum of $3,500. Plaintiff moved to set aside the verdict upon the ground of inadequacy and defendant moved to set the verdict aside as being against the weight of the evidence. The court denied defendant's motion and reserved as to plaintiff's motion, but ultimately found the verdict to be one of compromise and ordered a new trial on the issues of both liability and damages. After granting reargument, Trial Term adhered to its original decision and these cross appeals followed.

Defendant maintains, primarily, that plaintiff's proof was inadequate and failed to present a triable issue of fact as to defendant's alleged negligence in connection with the issue of notice and that, thus, her motion for dismissal of the complaint made at the conclusion of plaintiff's case should have been granted. There is no question or issue as to what defendant's duty was. She was required, as a property owner, to exercise care so as to maintain the property in a reasonably safe condition. As for plaintiff, to entitle him to recover he must demonstrate that defendant's tree was in a condition dangerous to the persons on the adjoining property; that the

condition of the tree was a proximate cause of his injury; that defendant realized or, in the exercise of reasonable care, should have realized its danger to plaintiff; and that defendant knew of the condition for a period of time prior to plaintiff's injury to permit defendant in the exercise of reasonable care to have corrected it (see, 1 NY PJI 2:110, at 313 [2d ed 1974]). Presented is the question of whether the proof adduced was sufficient to demonstrate that defendant actually knew of the dangerous condition or, alternatively, should, in the exercise of reasonable care, have realized that such a condition existed.

After a fair reading of this record, it cannot be said and, indeed, it is not contended that defendant had actual notice of the alleged defective condition. Moreover, there is no competent evidence from which it could be properly concluded that she had constructive notice of this condition. Plaintiff's mother and brother both testified that the tree appeared healthy and that, although the tree limbs extended over their property, they had never known the tree to lose any of its branches. Thus, there had been no reason for any discussion with defendant about the tree. Significantly, not one of the witnesses who had observed the tree prior to this incident testified as to observing as much as a withering or dead leaf or barren branch or discoloration or any of the other telltale signals which would alert the viewer to the possibility that the tree or one of its branches was decayed, diseased or unsound.

Furthermore, the testimony of plaintiff's expert does not provide a basis to conclude that defendant should have realized that a dangerous condition existed. Plaintiff's expert, Kenneth Williams, a forestry college graduate, never saw the tree until the morning of trial almost four years after the incident, at which time all that remained was an approximately eight-foot stump. Several weeks after the incident, he had been given what was claimed to be a piece of the fallen branch to examine which he found to be free of disease or decay. Williams' opinion was based on these observations, as well as on some photographs admitted into evidence at the trial. He opined that water had invaded a "limb hole" on the tree, thus causing decay which resulted in a crack occurring below. Williams testified that the open crack then became covered with a callus, nature's way of healing plant surfaces, but that, in spite of the callus, the tree remained weakened and that this was the cause of the limb's falling. Most significant was his testimony that this area was partially, if not totally, obscured from ground level view. Williams' clear

message was that he was able to recognize this condition by reason of his special education and experience, which afforded him knowledge not possessed by the general populace. Hence, it is clear from the expert testimony that while the subject tree might well have been diseased, it was not in such a patently defective and dangerous condition as to have enabled defendant, a woman with no special education or experience in the field of forestry, to recognize the possibility that a dangerous condition existed.

In conclusion, this case is readily distinguishable from those several cases relied upon by plaintiff where the evidence of disease and decay was obvious even to the untrained eye. Rather, it is akin to *Berkshire Mut. Fire Ins. Co. v State of New York* (9 AD2d 555), where, as here, the tree exhibited indications of vigor and strength but fell prey to unusual and excessive turbulence along with countless other limbs and trees. Since there was a failure to establish the existence of a danger, recognizable by defendant, plaintiff's proof was inadequate and defendant's motion should have been granted at the close of plaintiff's case.

Order reversed, on the law, with costs to defendant, and complaint dismissed. Main, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur; Mikoll, J., dissents and votes to affirm on the opinion of Justice Carrol S. Walsh, Jr., at Trial Term.