MCKEEN v TISCH (ON REMAND)

Docket No. 201783. Submitted March 12, 1997, at Lansing. Decided May 30, 1997, at 9:05 A.M. Leave to appeal sought.

Peggy L. McKeen, as personal representative of the estate of Judy G. Searles, deceased, brought an action in the Jackson Circuit Court against Gerald and Patricia Tisch and the Jackson County Road Commission, seeking damages resulting from the decedent's death, which occurred when a tree limb fell on her as she traveled on a road under the jurisdiction of the road commission. The tree limb had been severed from its tree more than one month before the accident, but had not fallen to the ground at that time. The court, Chad C. Schmucker, J., granted the road commission's motion for summary disposition on the basis of governmental immunity. The plaintiff appealed and the Court of Appeals, MCDONALD, P.J., and WAHLS and D. B. LEIBER, JJ., affirmed the trial court's decision in an unpublished opinion per curiam, issued March 8, 1996 (Docket No. 168763). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for reconsideration in light of Pick v Szymczak, 451 Mich 607 (1996), limited to whether the plaintiff's negligence claim against the road commission falls within the exception to governmental immunity provided in MCL 691.1402(1); MSA 3.996(102)(1). 454 Mich 863 (1997).

On remand, the Court of Appeals held:

The allegations, construed in a light most favorable to the plaintiff, indicate that the road commission had both actual and constructive notice of the danger and had time to repair it. The trial court erred in granting the road commission's motion for summary disposition with regard to the negligence claim because facts were alleged that would justify application of the highway exception to governmental immunity, MCL 691.1402(1); MSA 3.996(102)(1).

Reversed.

1. GOVERNMENTAL IMMUNITY — HIGHWAYS.

The defective highway exception to governmental immunity imposes a duty on a county road commission to maintain highways under its jurisdiction in reasonable repair so that they are reasonably safe and convenient for public travel; the duty requires the erection of adequate warning signs or traffic control devices at points of haz-

ard or special danger, which are any conditions that directly affect vehicular travel on the improved portion of the roadway so that such travel is not reasonably safe; points of hazard or special danger are conditions that uniquely affect vehicular travel on the improved portion of the roadway, as opposed to conditions that generally affect the roadway and its surrounding environment (MCL 691.1402[1]; MSA 3.996[102][1]).

2. GOVERNMENTAL IMMUNITY — HIGHWAYS.

A governmental agency is not liable for injuries caused by a defective highway unless the agency knew, or in the exercise of reasonable diligence should have known, of the existence of the defect and had a reasonable time to repair the defect before the injury took place; knowledge of a defect and time to repair it are conclusively presumed where the defect existed so as to be readily apparent to an ordinarily observant person for a period of thirty days or longer before the injury took place (MCL 691.1402[1], 691.1403; MSA 3.996[102][1], 3.996[103]).

*Keller & Katkowsky, P.C.* (by *Lawrence S. Katkowsky*), for the plaintiff.

*Brookover & Fleischmann, P.C.* (by *Frank A. Fleischmann*), for the Jackson County Road Commission.

*Willingham & Coté, P.C.* (by *Marianne E. Samper* and *Wayne A. Harrison*), for Gerald and Patricia Tisch.

ON REMAND

Before: MCDONALD, P.J., and WAHLS and CAVANAGH, JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's grant of defendants' motion for summary disposition in this case involving the highway exception to governmental immunity. We previously affirmed the trial court's decision. *McKeen v Tisch*, unpublished opinion per curiam of the Court of Appeals, issued March 8, 1996 (Docket No. 168763).

However, in lieu of granting leave to appeal, the Supreme Court remanded to this Court "for reconsideration in light of *Pick v Szymczak*, 451 Mich 607 [548 NW2d 603] (1996), limited to whether plaintiff's negligence claim against the defendant road commission falls within the exception to governmental immunity in MCL 691.1402(1); MSA 3.996(102)(1)." *McKeen v Tisch*, 454 Mich 863 (1997). On remand, we reverse.

Plaintiff's decedent was killed when a tree limb fell on her as she traveled on Seymour Road. Defendant Jackson County Road Commission (JCRC) has jurisdiction over Seymour Road. Over one month before the accident, the tree limb had been severed from its tree during a violent storm. The limb, however, did not fall to the ground at that time.

Plaintiff argues that the trial court erred in granting the JCRC's motion for summary disposition regarding her negligence claim. We agree. In determining whether a plaintiff's claim is barred by immunity granted by law under MCR 2.116(C)(7), a court must consider all documentary evidence filed or submitted by the parties. *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 133; 545 NW2d 642 (1996). The court accepts well-pleaded allegations as true and construes them in a light most favorable to the nonmoving party. *Id.*, p 134.

Generally, governmental agencies are immune from tort liability when engaged in a governmental function. MCL 691.1407(1); MSA 3.996(107)(1). The defective highway exception to governmental immunity imposes a duty on county road commissions to maintain highways under their jurisdiction in reasonable repair so that they are reasonably safe and conve-

nient for public travel. MCL 691.1402(1); MSA 3.996(102)(1).

In *Pick, supra,* p 621, the Court held that the duty to maintain a highway in reasonable repair includes the duty to erect adequate warning signs or traffic control devices at a "point of hazard," or a "point of special danger." A "point of hazard" or "point of special danger" is any condition that directly affects vehicular travel on the improved portion of the roadway so that such travel is not reasonably safe. *Id.* To be a point of hazard for purposes of the highway exception, the condition must be one that uniquely affects vehicular travel on the improved portion of the roadway, as opposed to a condition that generally affects the roadway and its surrounding environment. *Id.*

Here, Richard Southwell, who lives in the area where the accident occurred, testified that he noticed that the limb in question had been severed from its tree over a month before the accident, and that it hung over Seymour Road. Southwell testified that it was apparent at that time that the limb would eventually fall to the ground. Plaintiff alleged that the tree limb that struck the decedent was large, approximately twelve to fourteen inches in diameter. Construing these allegations in the light most favorable to plaintiff, the severed tree limb was a condition that directly affected vehicular travel on the improved portion of the roadway so that such travel was not reasonably safe. *Pick, supra,* p 621.

Our conclusion is buttressed by this Court's conclusion in *Miller v Oakland Co Rd Comm,* 43 Mich App 215; 204 NW2d 141 (1972). In *Miller,* the plaintiff was injured when a dead tree fell onto the truck she was

driving. *Id.,* p 216. The plaintiff alleged that the defendant had been warned that falling trees in the area made driving dangerous. *Id.* This Court held that those facts were sufficient to allege a cause of action in negligence under the highway exception to governmental immunity. *Id.,* p 219.

Our conclusion is also in accord with other jurisdictions that have held a governmental agency liable for injuries caused by a tree or limb falling onto a moving vehicle where inspection would have revealed the danger. See *Marsh v South Carolina Dep't of Hwys & Public Transportation,* 298 SC App 420, 422-423; 380 SE2d 867, 869 (1989); *Bullard v State,* 413 So 2d 606, 607-608 (La App, 1982); *Husovsky v United States,* 191 US App DC 242, 249; 590 F2d 944 (1978). Other jurisdictions that have held that a governmental agency was not liable in this situation have done so almost exclusively on the theory that the governmental agency did not have actual or constructive notice of the danger to those traveling on the highway. See *Lewis v State,* 654 So 2d 311, 315 (La, 1995); *Commonwealth v Callebs,* 381 SW2d 623, 624 (Ky, 1964); *Berkshire Mut Fire Ins Co v State,* 9 AD2d 555, 555-556; 189 NYS2d 333 (1959); but see *Comba v Town of Ridgefield,* 177 Conn 268, 270-273; 413 A2d 859 (1979).

As with these other jurisdictions, Michigan also requires that a governmental agency have actual or constructive notice before it can be found liable under the highway exception to governmental immunity. *Pick, supra,* p 624. Specifically, a governmental agency is not liable for injuries caused by a defective highway "unless the governmental agency knew, or in the exercise of reasonable diligence should have

known, of the existence of the defect and had a reasonable time to repair the defect before the injury took place." MCL 691.1403; MSA 3.996(103). Knowledge of a defect and time to repair it are "conclusively presumed when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place." *Id.*

Here, Southwell testified that the danger from the severed tree limb was readily apparent for over a month before the death of plaintiff's decedent. In addition, Southwell testified that he notified a JCRC work crew of the danger posed by the tree limb. Construing these allegations in the light most favorable to plaintiff, the JCRC had both actual and constructive notice of the danger and had time to repair it. *Id.* Because facts were alleged that would justify application of the highway exception to governmental immunity, the trial court erred in granting the JCRC's motion for summary disposition. *Johnson v Wayne Co*, 213 Mich App 143, 158; 540 NW2d 66 (1995).

The trial court's grant of the JCRC's motion for summary disposition is reversed with regard to plaintiff's claim of negligence. We do not retain jurisdiction. No taxable costs pursuant to MCR 7.219, a question of public policy being involved.