*252
 
 Wilder, J.
 

 Plaintiff appeals as of right from the order of the Court of Claims granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10). We affirm.
 

 Grace Jones was traveling west on M-82 when her vehicle collided at the intersection of M-37 and M-82 with a pickup truck operated by Marvin Geers, who was traveling south on M-37. Plaintiff, Blake Pannill, Curtis Howard, II, and Jamie Helmus were passengers in the vehicle driven by Jones. Blake Pannill died in the accident and the other passengers sustained serious injuries. Plaintiff filed the instant lawsuit alleging that defendant had a duty to keep the intersection in a condition reasonably safe and convenient for public travel and breached that duty by failing to install and maintain an adequate traffic control device. The Court of Claims granted defendant’s motion for summary disposition on the basis that plaintiff failed to show that defendant’s alleged negligence was a proximate cause of the accident.
 

 We review a grant of summary disposition de novo.
 
 Iovino v
 
 Michigan, 228 Mich App 125, 131; 577 NW2d 193 (1998). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests whether there is factual support for a claim. In reviewing a motion for summary disposition under MCR 2.116(C)(10), we must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence presented.
 
 Quinto v Cross & Peters Co,
 
 451 Mich 358, 362; 547 NW2d 314 (1996). A motion for summary disposition under MCR 2.116(C)(10) may be granted when, except with regard to the amount of damages, there is no genuine issue of material fact and the moving
 
 *253
 
 party is entitled to judgment as a matter of law.
 
 Quinto, supra
 
 at 362.
 

 The Court of Claims did not explicitly resolve the issue whether the intersection of M-37 and M-82 was a “point of hazard,” and instead limited its ruling to the issue of proximate cause. However, because a finding that the defendant had a legal duty to the plaintiff is a threshold issue in any negligence action that must be determined before assessing whether there was a breach of the duty and if the breach was a proximate cause of the injury, we first consider whether a duty in fact existed in this case.
 

 Governmental agencies have a duty to provide adequate warning signs or traffic control devices at known points of hazard.
 
 Pick v Szymczak,
 
 451 Mich 607, 624; 548 NW2d 603 (1996). A “point of hazard” is “any condition that directly affects vehicular travel on the improved portion of the roadway so that such travel is not reasonably safe.”
 
 Id.
 
 at 623. To be a point of hazard, the condition must be one that uniquely affects vehicular travel on the improved portion of the roadway as opposed to a condition that generally affects the roadway and its surrounding environment.
 
 Id.
 

 We conclude that the intersection of M-37 and M-82 in Newaygo County was not a “point of hazard” as contemplated by the Court in
 
 Pick,
 
 at 623-624. The evidence established that the intersection of M-37 and M-82 was clear of visual obstructions in all directions such that a reasonably prudent driver would be able to tell whether opposing traffic was approaching or whether the intersection was clear for travel. Moreover, the flashing red traffic control signal on M-82 was clearly visible to westbound drivers and unmistakably
 
 *254
 
 directed drivers to stop and wait for cross-traffic to clear before proceeding. There is simply no evidence on the record that this intersection constituted a point of hazard. The intersection here is readily distinguishable from the unusual situations deemed hazards in
 
 Pick,
 
 at 611-612 (an orchard obstructed the view of cross-traffic at an intersection containing no stop or yield signs),
 
 Iovino, supra
 
 at 129 (a red light before a railroad crossing changed to a flashing yellow light when a train approached), and
 
 McKeen v Tisch (On Remand),
 
 223 Mich App 721, 724; 567 NW2d 487 (1997) (a severed tree limb hanging precariously over a road). In this case, there was a flashing red traffic control signal at the intersection. No claim is made that the signal was not properly functioning, not visible, or even not seen by Jones. To the contraiy, the undisputed evidence is that Jones observed the flashing red traffic control signal, yet did not obey its command and proceeded into the intersection before cross-traffic had cleared. A reasonably prudent driver ascertains whether oncoming traffic has cleared and whether cross-traffic is obligated to stop before entering an intersection.
 

 Moreover, while we recognize that a standard three-light traffic control signal (red, yellow, and green) might have made the intersection
 
 safer,
 
 we are not persuaded that it was unreasonably unsafe as it was then maintained. Indeed, the focus of the “point of hazard” inquiry is not whether the intersection could have been made safer by adding a three-light traffic control signal. Defendant is not required to maintain a highway so as to make it “as safe as humanly possible for public travel”; rather, defendant’s legal duty is limited to maintaining the highway
 
 *255
 
 so that it is reasonably safe and convenient for public travel.
 
 Wechsler v Wayne Co Rd Comm,
 
 215 Mich App 579, 594; 546 NW2d 690 (1996). See MCL 691.1402(1); MSA 3.996(102)(1). Thus, if a public roadway is maintained so as to be reasonably safe, liability cannot be established by demonstrating that it could be made safer.
 
 Id.
 
 On this record, we conclude that plaintiff has failed to show that the intersection constituted a “point of hazard” so that defendant was obligated to erect a different traffic control lighting scheme to protect drivers.
 

 We turn now to plaintiffs argument on appeal that the Court of Claims erred in granting summary disposition to defendant because there were genuine issues of material fact regarding whether defendant’s failure to install and maintain an adequate traffic control device was a proximate cause of the accident. We disagree.
 

 Liability for negligence does not attach unless the plaintiff establishes that the injury in question was proximately caused by the defendant’s actions.
 
 Babula v Robertson,
 
 212 Mich App 45, 54; 536 NW2d 834 (1995). Proving proximate cause actually entails proof of two separate elements: (1) cause in fact and (2) legal cause, also known as “proximate cause.”
 
 Skinner v Square D Co,
 
 445 Mich 153, 162-163; 516 NW2d 475 (1994).
 

 The cause in fact element generally requires showing that “but for” the defendant’s actions, the plaintiff’s injury would not have occurred. On the other hand, legal cause or “proximate cause” normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences. A plaintiff must adequately establish cause in fact in order for legal cause or
 
 *256
 
 “proximate cause” to become a relevant issue.
 
 [Id.
 
 at 163 (citations omitted).]
 

 Proximate cause is that which operates to produce particular consequences without the intervention of any independent, unforeseen cause, without which the injuries would not have occurred.
 
 Ross v Glaser,
 
 220 Mich App 183, 192-193; 559 NW2d 331 (1996). To find proximate cause, it must be determined that the connection between the wrongful conduct and the injury is of such a nature that it is socially and economically desirable to hold the wrongdoer liable.
 
 Id.
 
 at 193. While the issue of proximate cause is usually a factual question to be decided by the jury,
 
 id.,
 
 the trial court may dismiss a claim for lack of proximate cause when there is no issue of material fact.
 
 Reeves v Kmart Corp,
 
 229 Mich App 466, 480; 582 NW2d 841 (1998).
 

 We find that the Court of Claims correctly determined that no record could be developed to establish proximate cause as a matter of law. First, plaintiff failed to show the existence of a factual dispute regarding cause in fact, i.e., that “but for” defendant’s alleged negligence, the accident would not have occurred.
 
 Skinner, supra
 
 at 163. It is undisputed that the accident occurred when Jones, confronted with a flashing red traffic control signal, drove into the intersection even though she was unable to clearly see whether cross-traffic, which had the right of way, had cleared. Although Jones claimed that her view was temporarily blocked by another vehicle, that did not give her the right to proceed into the intersection “in violation of statutory right of way rules; rather, both common sense and due care for [her] own safety . . . would have prompted [her] to wait until [her] line of
 
 *257
 
 sight cleared before attempting any maneuver that would require [her] to cross the path of oncoming traffic.”
 
 Wechsler, supra
 
 at 598. Moreover, although plaintiff’s experts testified that a standard three-light traffic control signal at the intersection in question
 
 may
 
 have prevented the accident, they acknowledged that such accidents still happen at intersections that are equipped with standard three-light signals. In any event, speculative evidence is insufficient to establish cause in fact.
 
 Skinner, supra
 
 at 165. Further, the evidence showed that the traffic volume at the time of the accident was “light to medium” so that a three-light signal was not necessary for plaintiff to safely cross M-37. On this record, we find that plaintiff failed to create a factual dispute regarding whether, but for defendant’s failure to place a three-light traffic control signal in the intersection, the accident would not have occurred.
 
 Id.
 
 at 164-165.
 

 Further, plaintiff failed to show the existence of a factual dispute regarding legal cause, i.e., “proximate cause.” The evidence showed that Jones proceeded into the intersection notwithstanding that she could not see whether the intersection was clear. In fact, Jones admitted that she “couldn’t see good enough” because another vehicle was partially blocking her view of the road and that she proceeded onto M-37 because Pannill, a front-seat passenger, stated that it was safe to do so. We do not believe that it was reasonably foreseeable that Jones would violate the flashing red traffic control light and enter the intersection when she did not have a clear view of the road and oncoming traffic. Indeed, the act of violating a flashing red light is no more foreseeable than the act of violating a three-light traffic control signal,
 
 *258
 
 both of which, if obeyed, are designed to assign the right of way to drivers to ensure safe travel on public roads. In addition, the evidence disclosed that Jones had been drinking liquor for several hours before the accident and her blood alcohol level was 0.12 percent two hours after the accident.
 
 [1]
 
 Finally, plaintiffs position that the heavy traffic at the time of the accident contributed to the accident is contrary to the evidence that disclosed that the traffic volume at that time was “light to medium.” The Court of Claims properly found that plaintiff failed to establish a genuine issue of material fact regarding whether defendant’s alleged negligence was a proximate cause of the accident. It was the careless manner in which Jones proceeded through the intersection that ultimately caused this collision, not the absence of a three-light traffic control signal. The Court of Claims did not err in granting defendant’s motion for summary disposition.
 

 Affirmed.
 

 [1]
 

 Notably, Blake Pannill, the passenger who advised Jones that she could proceed into the intersection, was also legally intoxicated with a blood alcohol level of 0.10 percent.