# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL EUGENE GETTYS,

Plaintiff-Appellant,

v

LISA JEANETTE COWIN,

Defendant-Appellee.

UNPUBLISHED
February 12, 2015

No. 318253
Kalamazoo Circuit Court
LC No. 2012-000464-NI

Before: O'CONNELL, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

On May 10, 2011, while driving a van as part of his job as a "carrier," plaintiff Daniel Gettys collided with a car driven by defendant Lisa Cowin when she drove into plaintiff's lane. At impact, the left side of plaintiff's body slammed against the driver's door of his van. Plaintiff alleged his pain from the accident was mild at first but worsened over time. Specifically, plaintiff claimed that the accident caused him pain in his left arm, left hand, neck, and shoulder, and numbness along his left arm to his left hand. On August 14, 2012, Doctor Sonia Eden performed surgery on plaintiff's spine for damage caused by arthritis.

On September 1, 2012, plaintiff filed a complaint against defendant alleging that the accident on May 10, 2011, was a result of defendant's negligence and that the accident caused plaintiff to suffer various impairments, such as neck, shoulder, and arm pain. On July 21, 2013, defendant filed a motion for summary disposition under MCR 2.116(C)(10), arguing that plaintiff did not suffer an injury resulting in serious impairment of a body function as required under MCL 500.3135(1). In support of this motion, defendant submitted numerous medical records. Records from before the accident show that plaintiff suffered from chronic neck and lower back pain since at least 2005, and suffered from discomfort in his left shoulder in 2005 as well. Records from after the accident describe plaintiff's degenerative joint disease causing pain in his neck and left shoulder. A report by Doctor Dennis C. Szymanski, who examined plaintiff on March 6, 2013, states that though plaintiff attributed his neck pain and numbness to the May 2011 automobile accident, there was no evidence of any residual effects of this accident. Furthermore, Eden testified at deposition that plaintiff's arthritis—which was the reason for plaintiff's surgery—was caused by aging and wear and tear on the body.

-1-

In response to defendant's motion, plaintiff submitted to the trial court an affidavit in which he stated that he lied to doctors from 2005 to the time of the accident about having pain because he wanted them to prescribe pain medication to him and that Eden's deposition testimony was misleading. On July 23, 2013, the trial court granted defendant's motion for summary disposition on the grounds that medical records failed to demonstrate a question of fact regarding whether the accident caused plaintiff to suffer an objectively manifested impairment.

On August 12, 2013, plaintiff filed a motion for rehearing and reconsideration. Plaintiff argued that the trial court should deny defendant's motion for summary disposition in light of new evidence. Specifically, plaintiff argued that Eden's assistant, Todd Helgerson, filled out a patient questionnaire on plaintiff's behalf in which plaintiff attributed his pain to the accident. Additionally, plaintiff submitted an affidavit of Eden in which she stated that, had she been aware of this questionnaire at the time of her deposition, she would have testified that the accident could have aggravated plaintiff's arthritis. On September 4, 2013, the trial court denied plaintiff's motion for rehearing and reconsideration on the grounds that plaintiff failed to show why the allegedly new information could not have been discovered and pled before the trial court granted defendant's motion for summary disposition.

Pursuant to MCR 2.116(C)(10), summary disposition is appropriate where "there is no genuine issue with respect to any material fact . . . ." *Miller v Purcell*, 246 Mich App 244, 246; 631 NW2d 760 (2001). The moving party has the initial burden of supporting its position. *Quinto v Cross and Peters Co*, 451 Mich 358, 370-371; 547 NW2d 314 (1996). Next, the nonmoving party must "demonstrate that there is a genuine issue of material fact in dispute, making trial necessary." *Rice v Auto Club Ins Ass'n*, 252 Mich App 25, 31; 651 NW2d 188 (2002). Where the nonmoving party bears the burden of proof at trial, he "must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009).

In this case, the trial court determined that no factual dispute existed regarding whether plaintiff's injuries were caused by defendant's actions. "Liability for negligence does not attach unless the plaintiff establishes that the injury in question was proximately caused by the defendant's actions." *Helmus v Dep't of Transp*, 238 Mich App 250, 255; 604 NW2d 793 (1999). To prove causation, the plaintiff must prove cause in fact. *Id.* To prove cause in fact, the plaintiff must show that his injury would not have occurred "but for" the defendant's action. *Id.*

Plaintiff presented no evidence demonstrating a question of fact as to whether his alleged injuries were caused by defendant's conduct. Few of plaintiff's medical records mention the automobile accident at all, and none of the records indicate a causal connection between the accident and plaintiff's injuries. To the contrary, the post-accident records indicate that the accident did not cause plaintiff's symptoms. Szymanski stated in his report that he found no residual effects of the accident on plaintiff. And, Eden testified at deposition that plaintiff's symptoms were not caused by the accident but rather were caused by aging and wear and tear on the body. There was no medical evidence or testimony that would have permitted a jury to conclude that the accident precipitated plaintiff's symptoms. *Wilkinson v Lee*, 463 Mich 388, 395-396; 617 NW2d 305 (2000).

Plaintiff averred in his affidavit that he lied to doctors before the accident about having pain for the purpose of obtaining pain medication. And, had he been able to read Eden's patient questionnaire, he would have stated on it that he experienced no pain before the accident. These averments do not speak to whether the accident caused plaintiff's injuries and are insufficient to demonstrate a question of fact regarding causation. *Quinto*, 451 Mich at 370-371. He further averred that had he stated this on the questionnaire, Eden would have testified at her deposition that plaintiff was not actually in pain when he told doctors he was in pain to obtain pain medication. This is mere speculation regarding facts that could possibly be established at trial, which is insufficient from which to infer causation. *Skinner v Square D Co*, 445 Mich 153, 164; 516 NW2d 475 (1994).

In sum, plaintiff presented no evidence to show that the accident caused his symptoms or aggravated his preexisting injuries. *Id.* It was plaintiff's burden to "demonstrate that there is a genuine issue of material fact in dispute . . . ." *Rice*, 252 Mich App at 31. Because plaintiff failed to demonstrate a genuine issue of material fact as to whether he suffered an objectively manifested impairment resulting from defendant's negligence, the court did not err in granting summary disposition for defendant. *Miller*, 246 Mich App at 246.

Next, plaintiff argues that the trial court abused its discretion in denying plaintiff's motion for rehearing and reconsideration.

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error. [MCR 2.119(F)(3).]

A trial court does not abuse its discretion when it denies a motion for reconsideration based on "testimony that could have been presented the first time the issue was argued." *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000). In addition, a trial court does not abuse its discretion for refusing to consider new evidence that does not pertain to the movant's burden of demonstrating that a palpable error misled the trial court. *American Transmission, Inc v Channel 7 of Detroit, Inc*, 239 Mich App 695, 709-710; 609 NW2d 607 (2000).

The heart of plaintiff's argument is that the trial court, when making a determination on defendant's motion for summary disposition, was misled by Eden's deposition testimony that plaintiff's pre-existing condition could not have been aggravated by the automobile accident, and that Eden's testimony was misleading because she was unaware that plaintiff had attributed his symptoms to the accident. Eden stated in an affidavit presented with the motion for reconsideration that, had she been aware of this, she would have testified at her deposition that it was possible that the accident could have aggravated plaintiff's arthritis. However, plaintiff fails to show how, even if Eden had testified to the same at her deposition, the disposition of defendant's motion would have been different. Indeed, this statement from Eden would not have changed the disposition at all because Eden would merely have testified that it is possible that trauma could aggravate plaintiff's symptoms—she would not have testified that trauma in this

case actually aggravated plaintiff's symptoms. Eden's amended testimony would not have been sufficient to allow a finder of fact to conclude that defendant's negligence caused plaintiff's symptoms. *Wilkinson*, 463 Mich at 395-396. Rather, Eden's affidavit does not have any bearing on plaintiff's burden to show that defendant's negligence caused plaintiff's symptoms. *American Transmission, Inc*, 239 Mich App at 709-710. Plaintiff presented no evidence, new or old, demonstrating a question of fact regarding a causal connection between plaintiff's symptoms and defendant's negligence. *Al-Maliki*, 286 Mich App at 485. Plaintiff failed to show that Eden's un-amended deposition testimony was a palpable error that misled the trial court such that the trial court would have denied defendant's motion for summary disposition had the error not occurred. MCR 2.119(F)(3).

Plaintiff also supported his motion for rehearing and reconsideration by submitting evidence that plaintiff told doctors he attributed his pain to the accident. However, the trial court was aware of this when it ruled on defendant's motion for summary disposition because of Syzmanski's letter. Therefore, plaintiff failed to present other issues that the trial court did not rule on. MCR 2.119(F)(3). Moreover, plaintiff does not explain why he could not have obtained his alleged new information at the time the trial court ruled on defendant's motion for summary disposition. *Churchman*, 240 Mich App at 233. Therefore, the trial court did not abuse its discretion in denying plaintiff's motion for rehearing and reconsideration. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 625; 750 NW2d 228 (2008).

Affirmed.

/s/ Peter D. O'Connell
/s/ David H. Sawyer
/s/ Jane E. Markey