# STATE OF MICHIGAN

# COURT OF APPEALS

LEONARD TANIKOWSKI,

        Plaintiff-Appellant,

v

THERESA JACISIN and CHRISTOPHER
SWITZER,

        Defendants-Appellees.

UNPUBLISHED
August 9, 2016

No. 325672
Macomb Circuit Court
LC No. 2013-004924-NI

Before: JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(10). On appeal, plaintiff argues that the trial court erred in granting summary disposition and in concluding that plaintiff failed to establish a question of fact whether defendants' alleged negligence was a proximate cause of plaintiff's injury. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises out of a motor vehicle accident that occurred on November 4, 2012, in the eastbound center lane of I-696, near the Hoover Road exit, in Macomb County. The relevant portion of I-696 is a three-lane highway. Defendant Theresa Jacisin was driving a motor vehicle owned by defendant Christopher Switzer and struck the rear of an SUV. After the collision, Jacisin's vehicle came to a stop in the center lane of I-696, and the SUV overturned and landed in the center lane just east of Jacisin's vehicle. Upon approaching the accident, plaintiff attempted to maneuver around the wreckage, and then back into traffic; his vehicle ultimately collided with the overturned SUV.

## II. STANDARD OF REVIEW

We review de novo the trial court's decision on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). "[A] motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint [.]" *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). Summary disposition under MCR 2.116(C)(10) is proper when "[e]xcept as to the amount of damages, there is no genuine

-1-

issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." We review the pleadings, affidavits, depositions, admissions, and other evidence submitted by the parties in a light most favorable to the nonmoving party. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

## III. ANALYSIS

Plaintiff argues that the trial court erred in granting defendant's motion for summary disposition on the ground that plaintiff could not establish a genuine issue of material fact concerning whether Jacisin's conduct was a proximate cause of plaintiff's accident and injury. We disagree.

To establish a prima facie claim of negligence, plaintiff must prove that: (1) defendant owed plaintiff a duty, (2) defendant breached that duty, (3) the breach was a proximate cause of plaintiff's injury, and (4) plaintiff suffered damages. *Loweke v Ann Arbor Ceiling & Partition Co*, 489 Mich 157, 162; 809 NW2d 553 (2011). Here, the trial court held that plaintiff had failed to establish that defendants' alleged negligence was a proximate cause of plaintiff's injury. Defendants do not dispute the existence of defendants' duty, a subsequent breach of that duty, or that plaintiff sustained damages. Instead, on appeal, both plaintiff and defendants focus on whether proximate cause existed.

"Proximate cause incorporates two separate elements: (1) cause in fact and (2) legal or proximate cause." *Lockridge v Oakwood Hosp*, 285 Mich App 678, 684; 777 NW2d 511 (2009).

> The cause in fact element generally requires showing that "but for" the defendant's actions, the plaintiff's injury would not have occurred. On the other hand, legal cause or "proximate cause" normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences. *Craig v Oakwood Hosp*, 471 Mich 67, 86-87; 684 NW2d 296 (2004), citing *Skinner v Square D Co*, 445 Mich 153, 163; 516 NW2d 475 (1994).

"As a matter of logic, [we] must find that the defendant's negligence was a cause in fact of the plaintiff's injuries before it can hold that the defendant's negligence was the proximate or legal cause of those injuries." *Craig*, 471 Mich at 87 (citation omitted). Here, there is no dispute over factual cause. Rather, the dispute centers on the existence of legal or proximate cause.

Proximate cause is "such cause as operates to produce particular consequences without the intervention of any independent, unforeseen cause, without which the injuries would not have occurred." *Babula v Robertson*, 212 Mich App 45, 54; 536 NW2d 834 (1995). "To find proximate cause, it must be determined that the connection between the wrongful conduct and the injury is of such a nature that it is socially and economically desirable to hold the wrongdoer liable." *Helmus v Mich Dep't of Transp*, 238 Mich App 250, 256; 604 NW2d 793 (1999). Proximate cause is usually a factual issue to be decided by the trier of fact, but if the facts bearing on proximate cause are not disputed and if reasonable minds could not differ, the issue is one of law for the court. *Nichols v Dobler*, 253 Mich App 530, 532; 655 NW2d 787 (2002).

The defendant does not have to be the sole cause of the plaintiff's harm—there can be more than one proximate cause. *O'Neal v St John Hosp*, 487 Mich 485, 496-497; 791 NW2d 853 (2010). When a number of factors contribute to producing an injury, one actor's negligence can still be a proximate cause if it was a substantial factor in bringing about the injury. *Skinner*, 445 Mich at 165 n 8. Considerations relevant to whether a factor was substantial include: (1) the number of other factors and the extent of the effect that they had in producing the harm, (2) whether the actor's conduct created a force or series of forces that were in continuous and active operation up to the time of the harm, or whether the actor created a situation harmless until affected by other forces not the responsibility of the actor, and (3) the lapse of time. *Poe v Detroit*, 179 Mich App 564, 576-577; 446 NW2d 523 (1989).

Plaintiff argues that the trial court erred when it found that no reasonable jury could find that plaintiff's accident was part of an uninterrupted chain of events that began with the first accident. Essentially, plaintiff maintains that a reasonable jury could find that Jacisin should reasonably have foreseen that plaintiff would weave his way around and between her vehicle and another vehicle disabled by a collision, attempt to merge back into traffic, and clip the second, overturned vehicle with his own as he did so. Based on our review of the record, including plaintiff's own testimony, we disagree.

Aware of an accident ahead, plaintiff slowed his vehicle to 5-10 miles per hour. He was positioned in the center lane of a three-lane highway, as were both of the vehicles involved in the accident. While the traffic to his left continued to move, the vehicles to his right had also slowed or stopped, as they were backing up to exit the highway. Rather than stopping his own vehicle, or merging with those exiting to his right, plaintiff instead opted to maneuver his vehicle between the disabled vehicles and merge back into the oncoming traffic that was passing the accident to the left. Plaintiff testified that he was "trying to clear" the accident, and that he "wanted to get around the car and get around the whole accident." He had been driving for 36 hours, stopping a few times to eat and take "power naps." At the time of the accident, he "was getting very anxious to get to a room so [he] could spend the night and get some rest." It was 6:25 a.m. on a Sunday.

So, instead of stopping, plaintiff first veered to his right to get around defendants' vehicle, traveling "just fast enough so [he] could clear the one car." He then saw the second, overturned vehicle, also in the center lane, approximately one and one-half to two car lengths ahead of the first vehicle. Another vehicle had stopped up ahead and had parked in the right-hand lane; its driver was assisting the people involved in the accident. Instead of stopping, plaintiff veered back to his left, and attempted to get around the second, overturned vehicle. After traversing between the two vehicles, essentially bisecting the center lane between the two disabled vehicles, plaintiff then attempted to merge back into oncoming traffic. In doing so, turning to the right while looking left toward the traffic, he struck the overturned SUV with his right, front fender.

Based on the evidence presented, we conclude that the trial court was correct. No reasonable factual dispute exists regarding whether Jacisin's conduct produced plaintiff's injury as part of continuous sequence that was unbroken by an intervening cause. *Babula*, 212 Mich App at 54. Rather, and as a matter of law, plaintiff's conduct in attempting to maneuver through and around the wreckage, and back into traffic, could not reasonably have been anticipated or

foreseen. Regardless of any negligence on Jacisin's part with regard to the initial accident, plaintiff's conduct caused an entirely separate and distinct accident, breaking the chain of causation. See *Helmus*, 238 Mich App at 256. This was not a "chain reaction" or "domino"-type accident, in which the second accident arises naturally out of the first, such that they are properly considered as one accident. See *Hastings Mut Ins Co v State Farm Ins* Co, 177 Mich App 428, 435; 442 NW2d 684 (1989); see also *Richards v Sch Dist of Birmingham*, 348 Mich 490, 530; 83 NW2d 643 (1957), rev'd in part on other grounds by *Williams v Detroit*, 364 Mich 231, 247-248; 111 NW2d 1 (1961). While the occurrence of the first accident (and any negligence giving rise to it) was certainly a "but for" cause of the second accident, no reasonable jury could find that it was a "proximate" cause of plaintiff's injury. See *Deaton v Baker*, 122 Mich App 252, 258; 332 NW2d 457 (1982) (noting that mere "but for" causation was insufficient to establish proximate cause of a second accident).

Affirmed.

/s/ Kathleen Jansen
/s/ Mark T. Boonstra